UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**GREAT NORTHERN PRODUCTS, LTD., d/b/a "THE WORLD OF GREAT NORTHERN" & "GREAT NORTHERN INTERNATIONAL"**

CA 08 214ML

**V.** **C.A. No.**

**DAVID SUSSMANN d/b/a "Seafoodexport The World of Great Northern" & "Great Northern Products, Ltd."**
**SEAFOOD EXPORT BAIT DIVISION, INC. d/b/a "Seafoodexport The World of Great Northern" & "Great Northern Products, Ltd."**
**GREAT NORTHERN INTERNATIONAL SAS, d/b/a "Seafoodexport The World of Great Northern" & "Great Northern Products, Ltd."**

## VERIFIED COMPLAINT

### Facts common to all counts

### Plaintiff Great Northern's history and course of conduct

1. Plaintiff, Great Northern Products, Ltd., (hereinafter "Great Northern") is a Rhode Island corporation organized and doing business under the laws of the State of Rhode Island.

2. Great Northern does business under the tradenames "The World of Great Northern", "Great Northern" and "Northern Products".

3. The tradenames "Great Northern" and "Northern Products" have acquired secondary meaning and are also trademarks owned by Great Northern.

4. Great Northern was incorporated on February 26, 1989.

5. George Nolan has been the President and Chief Executive Officer of Great Northern since its incorporation.

6. Great Northern is a wholesale seafood distributorship dealing in baits, fish and crustacea.

7. Great Northern conducts business in the United States, Canadian, Mexican and international seafood markets.

8. Great Northern owns the trademark "Great Northern Products, Ltd." and variants thereof (hereinafter the "Great Northern Products Trademark"). **Exhibit "A"**

9. Great Northern also owns the trademark of the globe, which is further described as follows: the outlines of the globe are blue in color; with four different crustacea superimposed thereon, namely, a body of a crab on top of four (4) lobster legs and lobster claws, with a shrimp to the left thereof and a fish on the bottom right with the outlines of the continents, the outlines of the continents are red in color; and the background is white in color. (hereinafter the "Globe Trademark") **Exhibit "B"**

10. Since its incorporation, Great Northern has used these trademarks continuously and without interruption in the wholesale seafood distributorship of baits, fish and crustacea. **Exhibit "C"**

11. Since its incorporation, Great Northern has used these trademarks continuously and without interruption in facsimile promotions, on the internet, in advertising, in print materials and in general correspondence. **Exhibit "C"**

12. In 1993, Great Northern purchased the rights to the "Globe Trademark" from the Connecticut National Bank, which was the assignee of the Trustee in Bankruptcy

for the District of Massachusetts in the matter of *In re: Calypso International, Inc.* (hereinafter "Calypso"). **Exhibit "D"**

13. George Nolan was the President of Calypso.

14. On February 14, 2008, Great Northern filed an application with the United States Patent and Trademark Office to register the "Great Northern Products Trademark" (approved for publication) and the "Globe Trademark". **Exhibit "E"**

15. Since 1997, Great Northern has maintained the website *www.northernproducts.com*. **Exhibit "F"**

16. Great Northern also owns the trademark "The World of Great Northern". **Exhibits "C", "F" & "G"**

17. On February 14, 2008, Great Northern filed an application with the United States Patent and Trademark Office to register the trademark "The World of Great Northern" (hereinafter "The World of Great Northern Trademark"). **Exhibit "H"**

18. Since April 19, 2001, Great Northern has continuously and without interruption used the "The World of Great Northern Trademark" as the heading for its website, *www.northernproducts.com*.

19. In 2008, George Nolan registered with the Rhode Island Secretary of State the corporation name "Great Northern International." **Exhibit "I"**

20. Since 2001, Great Northern has been sending approximately thirty thousand e-mail advertisements per week to customers and potential customers under the heading "The World of Great Northern".

21. The e-mail advertisements list the price for certain baits, fish and crustacea that are being offered for sale by Great Northern.

22. These e-mail advertisements direct the reader to *www. northernproducts.com* for further information.

23. These e-mail advertisements also direct the reader to *sales@northernproducts.com* and to *export@northernproducts.com*.

24. Since 1989, Great Northern has been sending approximately five thousand facsimile transmissions per week to customers and potential customers under the heading "Great Northern Products, Ltd.".

25. The fliers list the price for certain baits, fish and crustacea that are being sold by Great Northern.

26. These fliers initially directed the reader to contact a Great Northern salesperson, and in later years, directed the reader to the website *www.northernproducts.com* for further information.

27. Plaintiff's substantial advertising, promotion and sales have ensured that customers associate Plaintiff's tradenames and trademarks with Plaintiff's reputation for excellence in the business of seafood distributorship of baits, fish and crustacea.

**Defendants' history and course of conduct**

28. Defendant, Seafood Export Bait Division, Inc., (hereinafter "Seafoodexport") is a Canadian corporation with its principal place of business in the Province of Quebec, Canada and maintains an office in Marseille, France. **Exhibit "J"**

29. Seafood Export Bait Division, Inc. was incorporated in 2007. **Exhibit "J"**

30. Defendant, Great Northern International SAS (hereinafter "GNI SAS") is a French corporation with its principal place of business in Marseille, France and is registered in the Province of Quebec, Canada. **Exhibit "K"**

31. GNI SAS was incorporated in 2006. **Exhibit "K"**

32. Seafoodexport and GNI SAS are in the business of seafood distributorship of certain baits, fish and crustacea in the United States, Canadian and the international seafood markets.

33. Seafoodexport had a booth at the 2006, 2007 and 2008 annual Boston International Seafood Shows.

34. Defendant, David Sussmannn (hereinafter "Sussmannn"), resides in the Country of France.

35. Sussmannn is the President of Seafoodexport and the Administrator of GNI SAS.

36. Sussmannn, Seafoodexport and GNI SAS are collectively referred to as "Defendants".

37. Sussmannn worked for Great Northern from April 5, 1996 to September 5, 1997. **Exhibit "L"**

38. In October 1997, Sussmannn entered into a sales representation agreement with Great Northern, whereby George Nolan, on behalf of Great Northern, gave Sussmannn permission to register with the Rhode Island Secretary of State the corporation Great Northern International Corp. **Exhibit "M"**

39. Sussmannn was the sole principal of Great Northern International Corp.

40. In 2005, the Rhode Island Secretary of State revoked the charter of Great Northern International Corp. due to its failure to file an annual report. **Exhibit "N"**

41 In 1997, Sussmannn and George Nolan formed Great Northern Portugal dba Metor Servicos Int. LDA. (hereinafter "Metor") which was a Portugese company, to handle international sales of certain baits, fish and crustacean.

42. Nolan owned forty-nine shares and Sussmann owned fifty-one shares of Metor.

43. It was agreed by and between George Nolan and Sussmann that all United States, Canadian and Mexican sales would be the property of Great Northern and all international sales would be the property of Metor. **Exhibit "O"**

44. Metor had permission from its inception to use the "Great Northern Products Trademark", the "World of Great Northern Trademark" and the "Globe Trademark".

45. Upon information and belief, in 2004, Sussmannn, without the permission of George Nolan, transferred the assets of Metor to GNI SAS.

46. In 2006, Defendants began to engage in the business of seafood distributorship of certain baits, fish and crustacea in the United States.

47. Defendants are doing business in the United States under the trademarks "Great Northern Products" and "Seafoodexport The World of Great Northern". **Exhibit "P"**

48. Defendants are doing business in the United States under the tradenames "Great Northern" and "Northern Products". **Exhibit "P"**

49. On September 6, 2007, Seafoodexport filed an application with the United States Patent and Trademark Office to register "The World of Great Northern Trademark" in conjunction with the word mark "Seafoodexport The World of Great Northern" in stylized design. **Exhibit "Q"**

50. Seafoodexport's trademark application includes Great Northern's "Globe Trademark". **Exhibit "Q"**

51. Seafoodexport's internet and print materials use Great Northern's trademarks and tradenames "The World of Great Northern", "Great Northern Products, Ltd." and the "Globe Trademark" in connection with the seafood distributorship of certain baits, fish and crustacea. **Exhibits "P" & "R"**

52. Seafoodexport's internet and print materials have displayed the e-mail address *info@northernproducts.com* and the website *www.northernproducts.com.* **Exhibits "P" & "R"**

53. Seafoodexport's internet and printed materials have falsely represented Great Northern's mailing address of P.O. Box 7622 Warwick, Rhode Island USA 02887 as Seafoodexport's United States mailing address. **Exhibits "P" & "R"**

54. Seafoodexport's internet and printed materials have represented that the website *usa@seafoodexport.com* was a means of contacting Seafoodexport's falsely claimed United States office. **Exhibits "P" & "R"**

55. Seafoodexport's internet and print materials have falsely represented that Seafoodexport has a United States mailing address of P.O. Box 7622, Warwick,

Rhode Island, which is the mailing address of Great Northern. **Exhibits "P" & "R"**

56. On January 17, 2008, a demand letter was sent to David Sussmann by facsimile transmission and via airmail directing Sussmann in his capacity as President of Seafoodexport, to cease using the "Great Northern Products Trademark", the "World of Great Northern Trademark", and the "Globe Trademark" (hereinafter the "Demand Letter"). **Exhibit "S"**

57 Subsequent to receiving the Demand Letter, Seafoodexport removed from its website the false representation that it has an office in Warwick, Rhode Island.

58. Seafoodexport continues to use the "Globe Trademark" on its internet site, in e-mails and in printed materials. **Exhibits "P" & "R"**

59. Seafoodexport continues to use "The World of Great Northern Trademark" and "Great Northern Products Trademark" on its internet site, in e-mails and printed materials. **Exhibits "Q", "P" & "R"**

60. Seafoodexport continues to use the tradenames "Great Northern" and "Northern Products". **Exhibits "Q", "P" & "R"**

61. Seafoodexport's print materials continue to falsely represent that it has an office located in the United States at the same mailing address as Great Northern. **Exhibits "P" & "R"**

62. Seafoodexport's print materials continue to falsely represent that Great Northern Products, Ltd. is Seafoodexport's United States office. **Exhibits "P" & "R"**

63. Great Northern did not give its approval for Sussmann to use the "Great Northern Products Trademark", "The World of Great Northern Trademark" or the "Globe

Trademark" in the business of seafood distributorship of baits, fish and crustacea in any manner other than that agreed to with Metor.

64. Great Northern did not give its approval for Seafood Export Bait Division, Inc. or Great Northern International SAS to use the "Great Northern Products Trademark", "The World of Great Northern Trademark" or the "Globe Trademark" in the business of seafood distributorship of baits, fish and crustacea in any manner other than that agreed to through Great Northern International Corp. and Metor.

65. Great Northern did not give its approval for Defendants to use the "Great Northern Products Trademark", "The World of Great Northern Trademark" or the "Globe Trademark" in the business of seafood distributorship of baits, fish and crustacea.

66. Great Northern did not give its approval for any of the Defendants to license the "Great Northern Products Trademark", "The World of Great Northern Trademark" or the "Globe Trademark" in the business of seafood distributorship of baits, fish and crustacea.

67. Great Northern does not consent to Defendants' use of the "Great Northern Products Trademark", "The World of Great Northern Trademark" or the "Globe Trademark" in the business of seafood distributorship of baits, fish and crustacea.

68. Great Northern does not consent to Defendants' use of the tradenames, "Great Northern International", "Great Northern" or "Northern Products" in the business of seafood distributorship of baits, fish and crustacea.

69. Great Northern does not consent to Defendants' display of the e-mail address *info@northernproducts.com* and the website *www.northernproducts.com*.

70. Great Northern does not consent to Defendants using Great Northern's mailing address.

71. Great Northern does not consent to Defendants' false representation that the e-mail address *sales@northernproducts.com* is a means of contacting Great Northern.

72. Defendants have intentionally and deliberately used Plaintiff's tradenames and trademarks.

73. Defendants have intentionally and deliberately listed the e-mail address *sales@nothernproducts.com.*

74. Defendants have acted intentionally and deliberately to benefit from and take advantage of Plaintiff's goodwill, good name and reputation in the United States.

75. Defendants' conduct has and will result in a loss of Plaintiff's goodwill, and damage to Plaintiff's good name and reputation in the United States.

76. Defendants have acted intentionally and deliberately to deceive customers in the United States seafood distributorship marketplace.

77. Defendants have acted intentionally and deliberately to cause confusion in the minds of customers as to the relationship or affiliation between Plaintiff and Defendants.

78. Defendants' conduct has resulted and will result in confusion in the seafood distributorship marketplace.

79. Defendants' conduct has threatened and will threaten to dilute Plaintiff's trademarks and tradenames.

**Jurisdiction & Venue**

80. This Court has venue pursuant to 28 U.S.C.A. §§1332, 1391 and 1400.

81. This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C.A. §§1331, 1338(a) & (b), 1367 and 22 U.S.C. §§2201, 2202. The Court possesses supplemental jurisdiction over the Plaintiff's State claims alleged herein pursuant to 28 U.S.C. §1367(a).

**Count I**
**Unauthorized Use of Trade Name**
**Lanham Trade Mark Act §43, 15 U.S.C. §1125(a)**

82. Plaintiff re-asserts the allegations set forth in paragraphs one through eighty-one as if fully set forth herein.

83. Defendants' use of Great Northern's "Great Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" in the United States is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

84. Defendants' use of Great Northern's "Great Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" in the United States misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

85. Defendants' use of Plaintiff's tradenames "Great Northern" and "Northern Products" in the United States is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

86. Defendants' use of Plaintiff's tradenames "Great Northern" and "Northern Products" in the United States misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

87. Defendants' conduct of displaying the e-mail address *info@northernproducts.com* and the website *www.northernproducts.com.* is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

88. Defendants' conduct of displaying the e-mail address *info@northernproducts.com* and the website *www.northernproducts.com* misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

89. Defendants' conduct of misrepresenting that the e-mail address *sales@northernproducts.com* as a means of contacting Seafoodexport's falsely claimed United States office is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

90. Defendants' conduct of misrepresenting that the e-mail address *sales@northernproducts.com* is a means of contacting Seafoodexport's falsely claimed United States office misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

91. Defendants' aforesaid actions constitute unfair competition and are violations of 15 U.S.C. §1125(a).

92. There is a strong likelihood that Plaintiff will succeed on the merits of its case, and Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from using Great Northern's "Great Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" in the United States.

93. Plaintiff will suffer irreparable harm unless Defendants are enjoined from using Great Northern's "Great Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" in the United States.

94. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from using Great Northern's tradenames "Great Northern" and "Northern Products" in the United States.

95. Plaintiff will suffer irreparable harm unless Defendants are enjoined from displaying the e-mail address *info@northernproducts.com* and the website */www.northernproducts.com.*

96. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from displaying the e-mail address of *info@northernproducts.com* and the website *www.northernproducts.com.*

97. Plaintiff will suffer irreparable harm unless Defendants are enjoined from displaying the e-mail address *sales@northernproducts.com* as a means of contacting Seafoodexport's falsely claimed United States office.

98. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from displaying the e-mail address *sales@northernproducts.com* as a means of contacting Seafoodexport's falsely claimed United States office.

99. In balancing the equities of this case, Plaintiff will suffer great hardship if its request for injunctive relief is denied.

100. In balancing the equities of this case, Defendants will suffer minimal hardship if Plaintiff's request for injunctive relief is granted.

101. Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. §1116.

102. The public has a great interest in the protection of trademarks and tradenames as a means of ensuring fair competition in the marketplace, and in ensuring that information displayed on the internet and in print materials is true and accurate as a means of ensuring fair competition in the marketplace.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

a. that Defendants are ordered to pay compensation to Plaintiff for its losses incurred as a result of Defendants' use of Plaintiff's trademarks and tradenames, including but not limited to incidental and consequential damages;

b. that the damages awarded to Plaintiff are subject to an assessment of pre and post judgment interest;

c. that Defendants are ordered to pay Plaintiff's reasonable attorney's fees and costs incurred in the prosecution of this action;

d. that Defendants are enjoined from using Plaintiff's "Great Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" in the United States.

e. that Defendants are enjoined from using Plaintiff's tradenames and trademarks "Great Northern" and "Northern Products" in the United States.

f. that Defendants are enjoined from displaying on the internet and in print materials the e-mail address *info@northernproducts.com* and the website *www.northernproducts.com.*

g. that Defendants are enjoined from displaying on the internet and in print materials the e-mail address *sales@northernproducts.com* as a means of contacting Seafoodexport's falsely claimed United States office.

h. the Defendants are ordered to file with the court and serve on Plaintiff within thirty (30) days after service on defendants of such injunction, a report in writing under oath setting forth in detail the manner in which defendants have complied with this injunction;

i. that Defendants are ordered to make payment to Plaintiff of all gains, profits and advantages derived by Defendants' conduct; and

j. that the court award Plaintiff such other relief the court deems just and appropriate.

**Count II**
**Unauthorized use of trade Name**
**Rhode Island law**

103. Plaintiff re-asserts the allegations set forth in paragraphs one through one hundred two as if fully set forth herein.

104. The "Great Northern Products Trademark.", "The World of Great Northern Trademark" and the "Globe Trademark" are inherently distinctive in the business of seafood distributorship of baits, fish and crustacea.

105. Defendants' use of the "Great Northern Products Trademark.", "The World of Great Northern Trademark" and the "Globe Trademark" is an infringement upon Plaintiff's protected interests.

106. The tradenames "Northern Products" and "Great Northern" are inherently distinctive in the business of seafood distributorship of baits, fish and crustacea.

107. The tradenames "Northern Products" and "Great Northern" have acquired secondary meaning in the business of seafood distributorship of baits, fish and crustacea.

108. Defendants' aforesaid actions constitute unfair competition and are violations of 15 U.S.C. §1125(a).

109. There is a strong likelihood that Plaintiff will succeed on the merits of the case, and Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from using the "Great Northern Products Trademark.", "The World of Great Northern Trademark" and the "Globe Trademark".

110. Plaintiff will suffer irreparable harm unless Defendants are enjoined from using the "Great Northern Products Trademark.", "The World of Great Northern Trademark" and the "Globe Trademark".

111. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from using the tradenames "Northern Products" and "Great Northern".

112. Plaintiff will suffer irreparable harm unless Defendants are enjoined from using the tradenames "Northern Products" and "Great Northern".

113. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from displaying the e-mail address *info@northernproducts.com* and the website *www.northernproducts.com*

114. Plaintiff will suffer irreparable harm unless Defendants are enjoined from displaying the e-mail address in the United States.

115. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from displaying the e-mail address *sales@northernproducts.com*.

116. Plaintiff will suffer irreparable harm unless Defendants are enjoined from displaying the e-mail address *sales@northernproducts.com*.

117. In balancing the equities of this case, Plaintiff will suffer great hardship if its request for injunctive relief is denied.

118. Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. §1116.

119. In balancing the equities of this case, Defendants will suffer minimal hardship if Plaintiff's request for injunctive relief is granted.

120. The public has a great interest in the protection of trademarks and tradenames as a means of ensuring fair competition in the marketplace, and in ensuring that

information displayed on the internet and in print materials is true and accurate as a means of ensuring fair competition in the marketplace.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

a. that Defendants are ordered to pay compensation to Plaintiff for its losses incurred as a result of Defendants' use of Plaintiff's trademarks and tradenames, including but not limited to incidental and consequential damages;

b. that the damages awarded to Plaintiff are subject to an assessment of pre and post judgment interest;

c. that Defendants are ordered to pay Plaintiff's reasonable attorney's fees and costs incurred in the prosecution of this action;

d. that Defendants are enjoined from using Plaintiff's "Great Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" in the United States.

e. that Defendants are enjoined from using Plaintiff's tradenames and trademarks "Great Northern" and "Northern Products" in the United States.

f. that Defendants are enjoined from displaying on the internet and in print materials the e-mail address *info@greatnorthernproducts.com* and the website *www.northernproducts.com*.

g. that Defendants are enjoined from displaying on the internet and in print materials the e-mail address *sales@northernproducts.com* as a means of contacting its falsely claimed United States office.

h. the Defendants are ordered to file with the court and serve on Plaintiff within thirty (30) days after service on Defendants of such injunction, a report in writing under oath setting forth in detail the manner in which Defendants have complied with this injunction;

i. that Defendants are ordered to make payment to Plaintiff of all gains, profits and advantages derived by Defendants' conduct; and

j. that the court award Plaintiff such other relief the court deems just and appropriate.

**Count III**
**Unfair competition**
**Lanham Trade Mark Act §43, 15 U.S.C. §1125(a)**

121. Plaintiff re-asserts the allegations set forth in paragraphs one through one hundred twenty as if fully set forth herein.

122. Defendants' use of Great Northern's "Great Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" in the United States is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

123. Defendants' use of Great Northern's "Great Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

124. Defendants' use of Plaintiff's tradenames "Great Northern" and "Northern Products" in the United States is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

125. Defendants' use of Plaintiff's tradenames "Great Northern" and "Northern Products" misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

126. Defendants' conduct of displaying the e-mail address *info@northernproducts.com* and the website www.northernproducts.com. is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

127. Defendants' conduct of displaying the e-mail address *info@northernproducts.com* and the website *www.northernproducts.com* misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

128. Defendants' conduct of misrepresenting the e-mail address *sales@northernproducts.com* as a means of contacting its falsely claimed United States office is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

129. Defendants' conduct of misrepresenting that the website *sales@northernproducts.com* is a means of contacting its falsely claimed United States office misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

130. There is a strong likelihood that Plaintiff will succeed on the merits of its case.

131. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from using Great Northern's "Great

Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" in the United States.

132. Plaintiff will suffer irreparable harm unless Defendants are enjoined from using Great Northern's "Great Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" in the United States.

133. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from using Great Northern's tradenames "Great Northern" and "Northern Products" in the United States.

134. Plaintiff will suffer irreparable harm unless Defendants are enjoined from displaying the e-mail address *info@northernproducts.com* and the website */www.northernproducts.com*.

135. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if defendants are not enjoined from displaying the e-mail address of *info@northernproducts.com* and the website *www.northernproducts.com*.

136. Plaintiff will suffer irreparable harm unless Defendants are enjoined from misrepresenting that Great Northern Products, Ltd. is its office in the United States.

137. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from misrepresenting that Great Northern Products, Ltd. is its office in the United States.

138. Plaintiff will suffer irreparable harm unless Defendants are enjoined from misrepresenting that its address in the United States is the mailing address for Great Northern.

139. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from misrepresenting that its address in the United States is the mailing address for Great Northern.

140. Plaintiff will suffer irreparable harm unless Defendants are enjoined from displaying the e-mail address *sales@northernproducts.com* as a means of contacting its falsely claimed United States office.

141. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from displaying the e-mail address *sales@northernproducts.com* as a means of contacting its falsely claimed United States office.

142. In balancing the equities of this case, Plaintiff will suffer great hardship if its request for injunctive relief is denied.

143. In balancing the equities of this case, Defendants will suffer minimal hardship if Plaintiff's request for injunctive relief is granted.

144. The public has a great interest in the protection of trademarks and tradenames as a means of ensuring fair competition in the marketplace, and in ensuring that information displayed on the internet and in print materials is true and accurate as a means of ensuring fair competition in the marketplace.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

a. that Defendants are ordered to pay compensation to Plaintiff for its losses incurred as a result of Defendants' use of Plaintiff's trademarks and tradenames, including but not limited to incidental and consequential damages;

b. that the damages awarded to Plaintiff are subject to an assessment of pre and post judgment interest;

c. that Defendants are ordered to pay Plaintiff's reasonable attorney's fees and costs incurred in the prosecution of this action;

d. that Defendants are enjoined from using Plaintiff's "Great Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" in the United States.

e. that Defendants are enjoined from using Plaintiff's tradenames "Great Northern" and "Northern Products" in the United States.

f. that Defendants are enjoined from displaying on the internet and in print materials the e-mail address *info@greatnorthernproducts.com* and the website *www.northernproducts.com*.

g. that Defendants are enjoined from misrepresenting on the internet and in print materials that it's United States mailing address is P.O. Box 7622, Warwick, Rhode Island.

h. that Defendants are enjoined from displaying on the internet and in print materials the e-mail address *sales@northernproducts.com* as a means of contacting its falsely claimed United States office.

i. the Defendants are ordered to file with the court and serve on Plaintiff within thirty (30) days after service on Defendants of such injunction, a report in writing under oath setting forth in detail the manner in which Defendants have complied with this injunction;

j. that Defendants are ordered to make payment to Plaintiff of all gains, profits and advantages derived by Defendants' conduct; and

k. that the court award Plaintiff such other relief the court deems just and appropriate.

**Count IV**
**Unfair Competition**
**Rhode Island law**

145. Plaintiff re-asserts the allegations set forth in paragraphs one through one hundred forty-four as if fully set forth herein.

146. Defendants' use of Great Northern's "Great Northern Products Trademark", "The World of Great Northern Trademark" or the "Globe Trademark" in the United States is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

147. Defendants' use of Great Northern's "Great Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

148. Defendants' use of Plaintiff's tradenames "Great Northern" and "Northern Products" in the United States is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

149. Defendants' use of Plaintiff's tradenames "Great Northern" and "Northern Products" misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

150. Defendants' conduct of displaying the e-mail address *info@northernproducts.com* and the website www.northernproducts.com. is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

151. Defendants' conduct of displaying the e-mail address *info@northernproducts.com* and the website www.northernproducts.com misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

152. Defendants' conduct of misrepresenting the e-mail address *sales@northernproducts.com* as a means of contacting its falsely claimed United States office is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

153. Defendants' conduct of misrepresenting the e-mail address *sales@northernproducts.com* is a means of contacting its falsely claimed United States office misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

154. There is a strong likelihood that Plaintiff will succeed on the merits of its case.

155. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from using Great Northern's "Great Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" in the United States.

156. Plaintiff will suffer irreparable harm unless Defendants are enjoined from using Great Northern's "Great Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" in the United States.

157. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from using Great Northern's tradenames "Great Northern" and "Northern Products" in the United States.

158. Plaintiff will suffer irreparable harm unless Defendants are enjoined from displaying the e-mail address *info@northernproducts.com* and the website */www.northernproducts.com.*

159. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from displaying the e-mail address of *info@northernproducts.com* and the website *www.northernproducts.com.*

160. Plaintiff will suffer irreparable harm unless Defendants are enjoined from misrepresenting that Great Northern Products, Ltd. is its office in the United States.

161. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from misrepresenting that Great Northern Products, Ltd. is its office in the United States.

162. Plaintiff will suffer irreparable harm unless Defendants are enjoined from misrepresenting that its address in the United States is the mailing address for Great Northern.

163. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from misrepresenting that its address in the United States is the mailing address for Great Northern.

164. Plaintiff will suffer irreparable harm unless Defendants are enjoined from displaying the e-mail address *sales@northernproducts.com* as a means of contacting its falsely claimed United States office.

165. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from displaying the e-mail address *sales@northernproducts.com* as a means of contacting its falsely claimed United States office.

166. In balancing the equities of this case, Plaintiff will suffer great hardship if its request for injunctive relief is denied.

167. In balancing the equities of this case, Defendants will suffer minimal hardship if Plaintiff's request for injunctive relief is granted.

168. The public has a great interest in the protection of trademarks and tradenames as a means of ensuring fair competition in the marketplace, and in ensuring that information displayed on the internet and in print materials is true and accurate as a means of ensuring fair competition in the marketplace.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

a. that Defendants are ordered to pay compensation to Plaintiff for its losses incurred as a result of Defendants' use of Plaintiff's trademarks and tradenames, including but not limited to incidental and consequential damages;

b. that the damages awarded to Plaintiff are subject to an assessment of pre and post judgment interest;

c. that Defendants are ordered to pay Plaintiff's reasonable attorney's fees and costs incurred in the prosecution of this action;

d. that Defendants are enjoined from using Plaintiff's "Great Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" in the United States.

e. that Defendants are enjoined from using Plaintiff's tradenames "Great Northern" and "Northern Products" in the United States.

f. that Defendants are enjoined from displaying on the internet and in print materials the e-mail address *info@northernproducts.com* and the website *www.northernproducts.com*.

g. that Defendants are enjoined from misrepresenting on the internet and in print materials that it's United States mailing address is P.O. Box 7622, Warwick, Rhode Island.

h. that Defendants are enjoined from displaying on the internet and in print materials the e-mail address *sales@northernproducts.com* as a means of contacting its falsely claimed United States office.

i. the Defendants are ordered to file with the court and serve on Plaintiff within thirty (30) days after service on Defendants of such injunction, a report in writing under oath setting forth in detail the manner in which Defendants have complied with this injunction;

j. that Defendants are ordered to make payment to Plaintiff of all gains, profits and advantages derived by Defendants' conduct; and

k. that the court award Plaintiff such other relief the court deems just and appropriate.

**Count V**
**False Advertising**
**Lanham Trade Mark Act §43, 15 U.S.C. §1125(a)**

169. Plaintiff re-asserts the allegations set forth in paragraphs one through one hundred sixty-eight as if fully set forth herein.

170. Defendants' use of Great Northern's "Great Northern Products Trademark", "The World of Great Northern Trademark" or the "Globe Trademark" in the United States is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

171. Defendants' use of Great Northern's "Great Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

172. Defendants' use of Plaintiff's tradenames "Great Northern" and "Northern Products" in the United States is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

173. Defendants' use of Plaintiff's tradenames "Great Northern" and "Northern Products" misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

174. Defendants' conduct of displaying the e-mail address *info@northernproducts.com* and the website www.northernproducts.com. is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

175. Defendants' conduct of displaying the e-mail address *info@northernproducts.com* and the website www.northernproducts.com misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

176. Defendants' conduct of misrepresenting the e-mail address *sales@northernproducts.com* as a means of contacting its falsely claimed United States office is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

177. Defendants' conduct of misrepresenting the e-mail address *sales@northernproducts.com* is a means of contacting its falsely claimed United States office misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

178. Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. §1116.

179. There is a strong likelihood that Plaintiff will succeed on the merits of its case.

180. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from using Great Northern's tradenames "Great Northern" and "Northern Products" in the United States.

181. Plaintiff will suffer irreparable harm unless Defendants are enjoined from displaying the e-mail address *info@northernproducts.com* and the website */www.northernproducts.com*.

182. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from displaying the e-mail address of *info@northernproducts.com* and the website *www.northernproducts.com.*

183. Plaintiff will suffer irreparable harm unless Defendants are enjoined from misrepresenting that Great Northern Products, Ltd. is its office in the United States.

184. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from misrepresenting that Great Northern Products, Ltd. is Seafoodexport's office in the United States.

185. Plaintiff will suffer irreparable harm unless Defendants are enjoined from misrepresenting that its address in the United States is the mailing address for Great Northern.

186. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from misrepresenting that its address in the United States is the mailing address for Great Northern.

187. Plaintiff will suffer irreparable harm unless Defendants are enjoined from displaying the e-mail address *sales@northernproducts.com* as a means of contacting its falsely claimed United States office.

188. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from displaying the e-mail address

*sales@northernproducts.com* as a means of contacting its falsely claimed United States office.

189. In balancing the equities of this case, Plaintiff will suffer great hardship if its request for injunctive relief is denied.

190. In balancing the equities of this case, Defendants will suffer minimal hardship if Plaintiff's request for injunctive relief is granted.

191. The public has a great interest in the protection of trademarks and tradenames as a means of ensuring fair competition in the marketplace, and in ensuring that information displayed on the internet and in print materials is true and accurate as a means of ensuring fair competition in the marketplace.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

a. that Defendants are ordered to pay compensation to Plaintiff for its losses incurred as a result of Defendants' use of Plaintiff's trademarks and tradenames, including but not limited to incidental and consequential damages;

b. that the damages awarded to Plaintiff are subject to an assessment of pre and post judgment interest;

c. that Defendants are ordered to pay Plaintiff's reasonable attorney's fees and costs incurred in the prosecution of this action;

d. that Defendants are enjoined from using Plaintiff's "Great Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" in the United States;

e. that Defendants are enjoined from using Plaintiff's tradenames "Great Northern" and "Northern Products" in the United States.

f. that Defendants are enjoined from displaying on the internet and in print materials the e-mail address *info@northernproducts.com* and the website *www.northernproducts.com.*

g. that Defendants are enjoined from misrepresenting on the internet and in print materials that it's United States mailing address is P.O. Box 7622, Warwick, Rhode Island.

h. that Defendants are enjoined from displaying on the internet and in print materials the e-mail address *sales@northernproducts.com* as a means of contacting its falsely claimed United States office.

i. the Defendants are ordered to file with the court and serve on Plaintiff within thirty (30) days after service on Defendants of such injunction, a report in writing under oath setting forth in detail the manner in which Defendants have complied with this injunction;

j. that Defendants are ordered to make payment to Plaintiff of all gains, profits and advantages derived by Defendants' conduct; and

k. that the court award Plaintiff such other relief the court deems just and appropriate.

**Count VI**
**Unauthorized Use of Trade Name**
**Lanham Trade Mark Act §32, 15 U.S.C. §1114**

192. Plaintiff re-asserts the allegations set forth in paragraphs one through one hundred ninety-one as if fully set forth herein.

193. Defendants' use of Plaintiff's tradenames "Great Northern" and "Northern Products" in the United States is likely to cause mistake, confusion, and/or deceive as to defendants' affiliation, connection or association with Plaintiff.

194. Defendants' use of Plaintiff's tradenames "Great Northern" and "Northern Products" misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

195. Defendants' conduct of displaying the e-mail address *info@northernproducts.com* and the website www.northernproducts.com. is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

196. Defendants' conduct of displaying the e-mail address *info@northernproducts.com* and the website www.northernproducts.com misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

197. Defendants' conduct of misrepresenting the e-mail address *sales@northernproducts.com* as a means of contacting its falsely claimed United States office is likely to cause mistake, confusion, and/or deceive as to Defendants' affiliation, connection or association with Plaintiff.

198. Defendants' conduct of misrepresenting the e-mail address *sales@northernproducts.com* is a means of contacting its falsely claimed United States office misrepresents the nature, characteristics, qualities or geographic origin of the baits, fish and crustacea sold by Defendants.

199. Defendants' aforesaid actions constitute unfair competition and are violations of 15 U.S.C. §1125(a).

200. There is a strong likelihood that Plaintiff will succeed on the merits of its case.

201. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from using Great Northern's tradenames "Great Northern" and "Northern Products" in the United States.

202. Plaintiff will suffer irreparable harm unless Defendants are enjoined from displaying the e-mail address *info@northernproducts.com* and the website */www.northernproducts.com.*

203. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from displaying the e-mail address of *info@northernproducts.com* and the website *www.northernproducts.com.*

204. Plaintiff will suffer irreparable harm unless defendants are enjoined from misrepresenting that Great Northern Products, Ltd. is Seafoodexport's falsely claimed office in the United States.

205. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from misrepresenting that Great Northern Products, Ltd. is Seafoodexport's falsely claimed office in the United States.

206. Plaintiff will suffer irreparable harm unless Defendants are enjoined from misrepresenting that its address in the United States is the mailing address for Great Northern.

207. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from misrepresenting that its address in the United States is the mailing address for Great Northern.

208. Plaintiff will suffer irreparable harm unless Defendants are enjoined from displaying the e-mail address *sales@northernproducts.com* as a means of contacting its falsely claimed United States office.

209. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from displaying the domain name *sales@northernproducts.com* as a means of contacting its falsely claimed United States office.

210. In balancing the equities of this case, Plaintiff will suffer great hardship if its request for injunctive relief is denied.

211. In balancing the equities of this case, Defendants will suffer minimal hardship if Plaintiff's request for injunctive relief is granted.

212. The public has a great interest in the protection of trademarks and tradenames as a means of ensuring fair competition in the marketplace, and in ensuring that information displayed on the internet and in print materials is true and accurate as a means of ensuring fair competition in the marketplace.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

a. that Defendants are ordered to pay compensation to Plaintiff for its losses incurred as a result of Defendants' use of Plaintiff's trademarks and tradenames, including but not limited to incidental and consequential damages;

b. that the damages awarded to Plaintiff are subject to an assessment of pre and post judgment interest;

c. that Defendants are ordered to pay Plaintiff's reasonable attorney's fees and costs incurred in the prosecution of this action;

d. that Defendants are enjoined from using Plaintiff's tradenames "Great Northern" and "Northern Products" in the United States.

e. that Defendants are enjoined from displaying on the internet and in print materials the e-mail address *info@northernproducts.com* and the website *www.northernproducts.com*.

f. that Defendants are enjoined from misrepresenting on the internet and in print materials that it's United States mailing address is P.O. Box 7622, Warwick, Rhode Island.

g. that Defendants are enjoined from displaying on the internet and in print materials the e-mail address *sales@northernproducts.com* as a means of contacting its falsely claimed United States office.

h. the Defendants are ordered to file with the court and serve on Plaintiff within thirty (30) days after service on defendants of such injunction, a report in writing under oath setting forth in detail the manner in which Defendants have complied with this injunction;

i. that Defendants are ordered to make payment to Plaintiff of all gains, profits and advantages derived by defendants' conduct; and

j. that the court award Plaintiff such other relief the court deems just and appropriate.

**Count VII**
**Declaratory Judgment**

213. Plaintiff re-asserts the allegations set forth in paragraphs one through two hundred twelve as if fully set forth herein.

214. The "Great Northern Products Trademark.", "The World of Great Northern Trademark" and the "Globe Trademark" are inherently distinctive in the business of seafood distributorship of baits, fish and crustacea.

215. Defendants' use of the "Great Northern Products Trademark.", "The World of Great Northern Trademark" and the "Globe Trademark" is an infringement upon Plaintiff's protected interests.

216. The tradenames "Northern Products" and "Great Northern" are inherently distinctive in the business of seafood distributorship of baits, fish and crustacea.

217. The tradenames "Northern Products" and "Great Northern" have acquired secondary meaning in the business of seafood distributorship of baits, fish and crustacea.

218. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from using the "Great Northern Products Trademark.", "The World of Great Northern Trademark" and the "Globe Trademark".

219. Plaintiff will suffer irreparable harm unless Defendants are enjoined from using the "Great Northern Products Trademark.", "The World of Great Northern Trademark" and the "Globe Trademark".

220. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from using the tradenames "Northern Products" and "Great Northern".

221. Plaintiff will suffer irreparable harm unless Defendants are enjoined from using the tradenames "Northern Products" and "Great Northern".

222. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from displaying the e-mail address *info@northernproducts.com* and the website *www.northernproducts.com*.

223. Plaintiff will suffer irreparable harm unless Defendants are enjoined from displaying the e-mail address *info@northernproducts.com* and the website *www.northernproducts.com*.

224. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from displaying the e-mail address *sales@northernproducts.com*.

225. Plaintiff will suffer irreparable harm unless Defendants are enjoined from displaying the e-mail address *sales@northernproducts.com*.

226. In balancing the equities of this case, Plaintiff will suffer great hardship if its request for injunctive relief is denied.

227. In balancing the equities of this case, Defendants will suffer minimal hardship if Plaintiff's request for injunctive relief is granted.

228. The public has a great interest in the protection of trademarks and tradenames as a means of ensuring fair competition in the marketplace, and in ensuring that

information displayed on the internet and in print materials is true and accurate as a means of ensuring fair competition in the marketplace.

**WHEREFORE**, Plaintiff requests that declaratory judgment enter for as follows:

a. that Plaintiff has exclusive use of the "Great Northern Products Trademark.", "The World of Great Northern Trademark" and the "Globe Trademark".

b. that Plaintiff has exclusive use of the tradenames "Northern Products" and "Great Northern";

c. that Defendants cannot use the e-mail address *info@northernproducts.com* and the website *www.northernproducts.com*.

d. that Defendants cannot use the e-mail address *sales@northernproducts.com*.; and

e. that the court grant such other relief as it deems just and appropriate.

**Count VIII**
**Cyberpiracy**
**Lanham Trade Mark Act §43, 15 U.S.C. §1125(d)**

229. Plaintiff re-asserts the allegations set forth in paragraphs one through two hundred twenty-eight as if fully set forth herein.

230. Defendants obtained the e-mail address *info@northernproducts.com* in bad faith.

231. Defendants obtained the domain name *www.northernproducts.com*. in bad faith.

232. Defendants obtained the e-mail address *sales@northernproducts.com* in bad faith.

233. Defendants use of the e-mail addresses *info@northernproducts.com* and *sales@northernproducts.com* is likely to lead to confusion in the United States seafood marketplace.

234. Defendants use of the domain name *www.northernproducts.com.* is likely to lead to confusion in the United States seafood marketplace.

235. There is a strong likelihood that Plaintiff will succeed on the merits of the case.

236. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from using the domain name *www.northernproducts.com.*

237. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from using the e-mail addresses *info@northernproducts.com.* and *sales@northernproducts.com*

238. Plaintiff will suffer irreparable harm unless Defendants are enjoined from using the domain name *www.northernproducts.com..*

239. Plaintiff will suffer irreparable harm unless Defendants are enjoined from using the e-mail addresses *info@northernproducts.com.* and *sales@northernproducts.com*

240. In balancing the equities of this case, Plaintiff will suffer great hardship if its request for injunctive relief is denied.

241. In balancing the equities of this case, Defendants will suffer minimal hardship if Plaintiff's request for injunctive relief is granted.

242. Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. §1116.

243. The public has a great interest in the regulation of domain names as a means of ensuring fair competition in the seafood distributorship marketplace.

244. Plaintiff is entitled to damages, costs, profits and attorneys' fees pursuant to 15 U.S.C. 1117.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

a. that Defendants are ordered to pay compensation to Plaintiff for its losses incurred as a result of Defendant's registration and use of the domain name *www.northernproducts.com.*and the e-mail addresses *info@northernproducts.com.* and *sales@northernproducts.com*, including but not limited to incidental and consequential damages;

b. that the damages awarded to Plaintiff are subject to an assessment of pre and post judgment interest;

c. that Defendants are ordered to pay Plaintiff's reasonable attorney's fees and costs incurred in the prosecution of this action;

d. that Defendants are enjoined from using the domain name *www.northernproducts.com.* and the e-mail addresses *info@northernproducts.com.* and *sales@northernproducts.com*

e. the Court order the cancellation of Defendants' use of the domain name *www.northernproducts.com.* and the e-mail addresses *info@northernproducts.com.* and *sales@northernproducts.com*

f. the Court order Defendants to forfeit the domain name *www.northernproducts.com.* and the e-mail address *info@northernproducts.com.* and *sales@northernproducts.com*

g. the Court order Defendants to transfer the domain name *www.northernproducts.com.* and the e-mail addresses *info@northernproducts.com.* and *sales@northernproducts.com* to Plaintiff;

h. that Defendants are ordered to make payment to Plaintiff of all gains, profits and advantages derived by Defendants' conduct;

i. the Defendants are ordered to file with the court and serve on Plaintiff within thirty (30) days after service on defendants of such injunction, a report in writing under oath setting forth in detail the manner in which Defendants have complied with order; and

i. that the Court award Plaintiff such other relief the court deems just and appropriate.

**Count IX**
**Injunctive Relief**
**15 U.S.C. §1116**

245. Plaintiff re-asserts the allegations set forth in paragraphs one through two hundred forty-four as if fully set forth herein.

246. The "Great Northern Products Trademark.", "The World of Great Northern Trademark" and the "Globe Trademark" are inherently distinctive in the business of seafood distributorship of baits, fish and crustacea.

247. Defendants' use of the "Great Northern Products Trademark.", "The World of Great Northern Trademark" and the "Globe Trademark" is an infringement upon Plaintiff's protected interests common law trademark rights.

248. The tradenames "Northern Products" and "Great Northern" are inherently distinctive in the business of seafood distributorship of baits, fish and crustacea..

249. The tradenames "Northern Products" and "Great Northern" have acquired secondary meaning in the business of seafood distributorship of baits, fish and crustacea.

250. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from using the "Great Northern Products Trademark.", "The World of Great Northern Trademark" and the "Globe Trademark".

251. Plaintiff will suffer irreparable harm unless defendants are enjoined from using the "Great Northern Products Trademark.", "The World of Great Northern Trademark" and the "Globe Trademark".

252. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from using the tradenames "Northern Products" and "Great Northern".

253. Plaintiff will suffer irreparable harm unless Defendants are enjoined from using the tradenames "Northern Products" and "Great Northern".

254. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if Defendants are not enjoined from displaying the e-mail address *info@northernproducts.com* and the website *www.northernproducts.com.*

255. Plaintiff will suffer irreparable harm unless Defendants are enjoined from displaying the e-mail address *info@northernproducts.com* and the website *www.northernproducts.com.*

256. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if defendants are not enjoined from displaying the e-mail address *sales@northernproducts.com.*

257. Plaintiff will suffer irreparable harm unless Defendants are enjoined from displaying the e-mail address *sales@northernproducts.com.*

258. By using Plaintiff's trademarks "Great Northern Products Trademark.", "The World of Great Northern Trademark" and the "Globe Trademark", Defendants are engaging in the use of a counterfeit mark .

259. By using Plaintiff's tradenames "Northern Products" and "Great Northern", Defendants are engaging in the use of a counterfeit mark .

260. In balancing the equities of this case, Plaintiff will suffer great hardship if its request for injunctive relief is denied.

261. In balancing the equities of this case, Defendants will suffer minimal hardship if Plaintiff's request for injunctive relief is granted.

262. The public has a great interest in the regulation of domain names as a means of ensuring fair competition in the seafood distributorship marketplace.

**WHEREFORE**, Plaintiff demands judgment against defendants as follows:

a. that Defendants are enjoined from using Plaintiff's trademarks "Great Northern Products Trademark", "The World of Great Northern Trademark" and the "Globe Trademark" in the United States;

b. that Defendants are enjoined from using Plaintiff's tradenames "Great Northern" and "Northern Products" in the United States.

c. that Defendants are enjoined from displaying on the internet and in print materials the e-mail address *info@northernproducts.com* and the website *www.northernproducts.com*.

d. that Defendants are enjoined from misrepresenting on the internet and in print materials that it's United States mailing address is P.O. Box 7622, Warwick, Rhode Island.

e. that Defendants are enjoined from displaying on the internet and in print materials the e-mail address *sales@northernproducts.com* as a means of contacting its falsely claimed United States office.

f. the Defendants are ordered to file with the court and serve on Plaintiff within thirty (30) days after service on Defendants of such injunction, a report in writing under oath setting forth in detail the manner in which Defendants have complied with this injunction;

g. that the court order under providing for the seizure of goods and counterfeit marks involved in such violation and the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in such violation.

h. that the court award Plaintiff such other relief the court deems just and appropriate.

**VERIFICATION**

I, George Nolan, being duly sworn, depose and say that I am the President and CEO of Great Northern Products, Ltd., that I have on behalf of Great Northern Products, Ltd., reviewed the foregoing, including its appendices and exhibits, that I am familiar with its contents, and that the statements contained herein are true and accurate.

George Nolan

STATE OF RHODE ISLAND
COUNTY OF Providence

In Providence on this 16th day of May, 2008, before me personally appeared George Nolan in his capacity as President and CEO of Great Northern Products, Ltd., to me known and known by me to be the party executing the foregoing instrument and acknowledged said instrument and the execution thereof, to be his free act and deed, and the free act and deed of Great Northern Products, Ltd..

Notary Public Cathy A Brien
My Commission Expires: 7-25-05

Great Northern Products, Ltd.
By its attorneys,

/S/

Carl S. Levin, Esq. (#3336)
Andrew Gilstein, Esq. (# )
Armstrong, Gibbons & Gnys, LLP
155 South Main Street, Suite 301
Providence, Rhode Island 02903
(401) 751-1500 Ext. 26
clevin@agglaw.com

/S/

Henry Boezi, Esq. (#3207)
67 Cedar Street, Suit 105
Providence, RI 02903
(401) 861-8080
*HVBoeziIII@aol.com*

**Plaintiff demands a jury trial**