UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GREAT NORTHERN PRODUCTS, LTD. d/b/a "THE WORLD OF GREAT NORTHERN" and "GREAT NORTHERN INTERNATIONAL,"<br><br>Plaintiff<br><br>v.<br><br>DAVID SUSSMANN d/b/a "Seafoodexport The World of Great Northern" and "Great Northern Products, Ltd."; SEAFOOD EXPORT BAIT DIVISION, INC. d/b/a "Seafoodexport The World of Great Northern" and "Great Northern Products, Ltd."; GREAT NORTHERN INTERNATIONAL SAS d/b/a "Seafoodexport The World of Great Northern" and "Great Northern Products, Ltd.,"<br><br>Defendants | ) | C.A. No. 08-214-ML |

## ANSWER

Defendants David Sussmann, Seafood Export Bait Division, Inc., and Great Northern International SAS ("GNI") (sometimes collectively, "Defendants") hereby state as follows, by and for their Answer to the Verified Complaint ("Complaint") of Plaintiff Great Northern Products, Ltd. ("Plaintiff"). Defendants reserve their right to assert any counterclaims against the Plaintiff.

## Facts Common to All Counts

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

3. Defendants deny the allegations of Paragraph 3 of the Complaint.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint.

6. Upon information and belief, Defendants admit the allegations of Paragraph 6 of the Complaint.

7. Defendants admit that Plaintiff conducts business in the United States. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint.

8. The allegations of Paragraph 8 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 8 of the Complaint.

9. The allegations of Paragraph 9 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 9 of the Complaint.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.

16. The allegations of Paragraph 16 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint.

27. The allegations of Paragraph 27 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendants admit that Seafood Export Bait Division, Inc. is a Canadian corporation with a principal place of business in the Province of Quebec, Canada. Defendants deny the remaining allegations of Paragraph 28 of the Complaint.

29. Defendants admit the allegations of Paragraph 29 of the Complaint.

30. Defendants admit the allegations of Paragraph 30 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

32. Defendants admit the allegations of Paragraph 32 of the Complaint.

33. Defendants admit that representatives of Seafood Export Bait Division attended the Boston International Seafood Show in 2006, 2007, and 2008. Defendants deny the remaining allegations in Paragraph 33 of the Complaint.

34. Defendants admit the allegations of Paragraph 34 of the Complaint.

35. Defendants admit that David Sussmann is the President of Great Northern International SAS, but deny the remaining allegations of Paragraph 35 of the Complaint.

36. The allegations of Paragraph 36 of the Complaint are not factual allegations requiring a response.

37. Defendants admit the allegations of Paragraph 37 of the Complaint.

38. Defendants are not aware of any sales representation agreement entered into in October 1997 between Plaintiff and David Sussmann addressing Sussmann's authority to register Great Northern International Corp. with the Rhode Island Secretary of State. Defendants also deny that the exhibit referenced at Paragraph 38 is or constitutes a "sales representation agreement." Accordingly, Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants admit the allegations of Paragraph 39 of the Complaint.

40. Defendants admit the allegations of Paragraph 40 of the Complaint.

41. Defendants admit that David Sussmann and George Nolan, along with other corporate entities, were involved in the creation of a Portuguese company to be called Great Northern Portugal d/b/a Metor Servicos Intl. LDA ("Metor"). Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations of Paragraph 42 of the Complaint.

43. Defendants admit that in connection with the formation of Metor, there was an understanding that sales from North America would inure to the benefit of Plaintiff and all sales from all other worldwide locations would inure to the benefit of Metor. Defendants otherwise deny the remaining allegations of Paragraph 43 of the Complaint.

44. The allegations of Paragraph 44 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 44 of the Complaint.

45. Defendants deny the allegations of Paragraph 45 of the Complaint.

46. Defendants admit that they engaged in certain limited business in the United States in 2006.

47. Defendants admit that GNI and Seafood Export Bait Division conduct business

using the trademark “Seafood Export The World of Great Northern”. Defendants deny the remaining allegations of Paragraph 47 of the Complaint.

48. Defendants admit that they use the phrase “Great Northern” as part of the trade name “The World of Great Northern” and otherwise deny the remaining allegations of Paragraph 48 of the Complaint.

49. Defendants admit the allegations of Paragraph 49 of the Complaint.

50. Defendants admit that Seafood Export Bait Division, Inc.’s trademark application contains a globe mark. Defendants deny that the globe mark is Plaintiff’s “Globe Trademark” or that the “Globe Trademark” belongs to Plaintiff.

51. Defendants admit that Seafood Export Bait Division used “The World of Great Northern” and a globe mark in connection with the seafood distributorship of certain bait, fish and crustacea by mutual consent and agreement of the Defendants and the Plaintiff. Defendants deny the remaining allegations of Paragraph 51 of the Complaint.

52. Defendants admit that at various times Plaintiff and Defendants used eachother’s marks and trade names in their respective internet and print marketing materials. Defendants deny the remaining allegations of Paragraph 52 of the Complaint.

53. Defendants admit that at various times Plaintiff and Defendants used eachother’s marks and tradenames in their respective internet and print marketing materials. Defendants specifically deny the allegation in Paragraph 53 of the Complaint that Defendants falsely represented Plaintiff’s mailing address as being their own, and otherwise deny the remaining allegations of Paragraph 53 of the Complaint.

54. Defendants admit that at various times Plaintiff and Defendants used eachother’s marks and tradenames in their respective internet and print marketing materials. Defendants

specifically deny the allegation in Paragraph 54 of the Complaint that Defendants used the website usa@seafoodexport.com as a means to contact Seafood Export Bait Division's "falsely claimed United States office," and otherwise deny the remaining allegations of Paragraph 54 of the Complaint.

55. Defendants admit that at various times Plaintiff and Defendants used eachother's marks and trade names in their respective internet and print marketing materials. Defendants specifically deny the allegation in Paragraph 55 of the Complaint that Defendants falsely represented Plaintiff's mailing address as being their own, and otherwise deny the remaining allegations of Paragraph 55 of the Complaint.

56. Defendants admit the allegations of Paragraph 56 of the Complaint.

57. Defendants admit that subsequent to the receipt of a demand letter, Seafood Export Bait Division removed references to Warwick, Rhode Island from its website. Defendants deny the remaining allegations of Paragraph 57 of the Complaint.

58. Defendants admit that Seafood Export Bait Division uses a globe mark on its internet site, in e-mails and printed materials, but denies that the globe mark used by Defendants is owned by Plaintiff.

59. Defendants admit that Seafood Export Bait Division continues to use the phrase "The World of Great Northern" on its internet site, in e-mails and in printed materials. Defendants deny the remaining allegations of Paragraph 59 of the Complaint.

60. Defendants admit that Seafood Export Bait Division uses the phrase "Great Northern" as part of the trade name "The World of Great Northern". Defendants deny that Seafood Export Bait Division continues to use the trade name "Northern Products," and otherwise denies the remaining allegations of Paragraph 60 of the Complaint.

61. Defendants deny that Seafood Export Bait Division's print materials continue to falsely represent that Seafood Export Bait Division has a United States office located at the same address as Plaintiff.

62. Defendants deny that Seafood Export Bait Division's print materials continue to falsely represent that Plaintiff is Seafood Export Bait Division's United States office.

63. Defendants deny that they needed approval to use "The World of Great Northern" or a trademark containing a globe, in their business. Defendants further deny that Plaintiff gave any express approval to Metor for the use of Plaintiff's purported trademarks. Defendants further deny the remaining allegations of Paragraph 63 of the Complaint.

64. Defendants deny that they needed approval to use "The World of Great Northern," or a trademark containing a globe, in their business. Defendants further deny that Plaintiff gave any express approval to Metor for the use of Plaintiff's purported trademarks. Defendants further deny the remaining allegations of Paragraph 64 of the Complaint.

65. Defendants deny that they needed approval to use "The World of Great Northern" or a trademark containing a globe in the business of seafood distributorship of baits, fish, and crustacea. Defendants deny the remaining allegations of Paragraph 65 of the Complaint.

66. Defendants deny that they needed approval to use "The World of Great Northern," or a trademark containing a globe, in their business. Defendants further deny the remaining allegations of Paragraph 66 of the Complaint.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint.

69. Defendants admit that as of January 18, 2008, Plaintiffs withdrew from any further collaboration with Defendants regarding the sale of bait, fish and crustacea, and otherwise deny the remaining allegations of Paragraph 69 of the Complaint.

70. Defendants admit that as of January 18, 2008, Plaintiffs withdrew from any further collaboration with Defendants regarding the sale of bait, fish and crustacea, and otherwise deny the remaining allegations of Paragraph 70 of the Complaint.

71. Defendants admit that as of January 18, 2008, Plaintiffs withdrew from any further collaboration with Defendants regarding the sale of bait, fish and crustacea, and otherwise deny the remaining allegations of Paragraph 71 of the Complaint.

72. Defendants deny the allegations of Paragraph 72 of the Complaint.

73. Defendants deny the allegations of Paragraph 73 of the Complaint.

74. Defendants deny the allegations of Paragraph 74 of the Complaint.

75. Defendants deny the allegations of Paragraph 75 of the Complaint.

76. Defendants deny the allegations of Paragraph 76 of the Complaint.

77. Defendants deny the allegations of Paragraph 77 of the Complaint.

78. Defendants deny the allegations of Paragraph 78 of the Complaint.

79. Defendants deny the allegations of Paragraph 79 of the Complaint.

**Jurisdiction & Venue**

80. The allegations of Paragraph 80 are legal conclusions to which no response is required.

81. The allegations of Paragraph 81 are legal conclusions to which no response is required.

**Count I**
**Unauthorized Use of Trade Name**
**Lanham Trade Mark Act § 43, 15 U.S.C. § 1125(a)**

82. Defendants restate their responses to Paragraphs 1 through 81 of the Complaint as if fully set forth herein.

83. Defendants deny the allegations of Paragraph 83 of the Complaint.

84. Defendants deny the allegations of Paragraph 84 of the Complaint.

85. Defendants deny the allegations of Paragraph 85 of the Complaint.

86. Defendants deny the allegations of Paragraph 86 of the Complaint.

87. Defendants deny the allegations of Paragraph 87 of the Complaint.

88. Defendants deny the allegations of Paragraph 88 of the Complaint.

89. Defendants deny the allegations of Paragraph 89 of the Complaint.

90. Defendants deny the allegations of Paragraph 90 of the Complaint.

91. Defendants deny the allegations of Paragraph 91 of the Complaint.

92. The allegations of Paragraph 92 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 92 of the Complaint.

93. The allegations of Paragraph 93 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 93 of the Complaint.

94. The allegations of Paragraph 94 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 94 of the Complaint.

95. The allegations of Paragraph 95 are legal conclusions to which no response is

required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 95 of the Complaint.

96. The allegations of Paragraph 96 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 96 of the Complaint.

97. The allegations of Paragraph 97 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 97 of the Complaint.

98. The allegations of Paragraph 98 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 98 of the Complaint.

99. The allegations of Paragraph 99 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 99 of the Complaint.

100. The allegations of Paragraph 100 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 100 of the Complaint.

101. The allegations of Paragraph 101 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 101 of the Complaint.

102. The allegations of Paragraph 102 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 102 of the Complaint.

**Count II**
**Unauthorized Use of Trade Name**
**Rhode Island law**

103. Defendants restate their responses to Paragraphs 1 through 102 of the Complaint as if fully set forth herein.

104. Defendants deny the allegations of Paragraph 104 of the Complaint.

105. Defendants deny the allegations of Paragraph 105 of the Complaint.

106. Defendants deny the allegations of Paragraph 106 of the Complaint.

107. Defendants deny the allegations of Paragraph 107 of the Complaint.

108. Defendants deny the allegations of Paragraph 108 of the Complaint.

109. The allegations of Paragraph 109 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 109 of the Complaint.

110. The allegations of Paragraph 110 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 110 of the Complaint.

111. The allegations of Paragraph 111 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 111 of the Complaint.

112. The allegations of Paragraph 112 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 112 of the Complaint.

113. The allegations of Paragraph 113 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph

113 of the Complaint.

114. The allegations of Paragraph 114 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 114 of the Complaint.

115. The allegations of Paragraph 115 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 115 of the Complaint.

116. The allegations of Paragraph 116 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 116 of the Complaint.

117. The allegations of Paragraph 117 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 117 of the Complaint.

118. The allegations of Paragraph 118 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 118 of the Complaint.

119. The allegations of Paragraph 119 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 119 of the Complaint.

120. The allegations of Paragraph 120 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 120 of the Complaint.

**Count III**
**Unfair Competition**
**Lanham Trademark Act § 43, 15 U.S.C. § 1125(a)**

121. Defendants restate their responses to Paragraphs 1 through 120 of the Complaint as if fully set forth herein.

122. Defendants deny the allegations of Paragraph 122 of the Complaint.

123. Defendants deny the allegations of Paragraph 123 of the Complaint.

124. Defendants deny the allegations of Paragraph 124 of the Complaint.

125. Defendants deny the allegations of Paragraph 125 of the Complaint.

126. Defendants deny the allegations of Paragraph 126 of the Complaint.

127. Defendants deny the allegations of Paragraph 127 of the Complaint.

128. Defendants deny the allegations of Paragraph 128 of the Complaint.

129. Defendants deny the allegations of Paragraph 129 of the Complaint.

130. The allegations of Paragraph 130 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 130 of the Complaint.

131. The allegations of Paragraph 131 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 131 of the Complaint.

132. The allegations of Paragraph 132 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 132 of the Complaint.

133. The allegations of Paragraph 133 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph

133 of the Complaint.

134. The allegations of Paragraph 134 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 134 of the Complaint.

135. The allegations of Paragraph 135 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 135 of the Complaint.

136. The allegations of Paragraph 136 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 136 of the Complaint.

137. The allegations of Paragraph 137 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 137 of the Complaint.

138. The allegations of Paragraph 138 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 138 of the Complaint.

139. The allegations of Paragraph 139 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 139 of the Complaint.

140. The allegations of Paragraph 140 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 140 of the Complaint.

141. The allegations of Paragraph 141 are legal conclusions to which no response is

required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 141 of the Complaint.

142. The allegations of Paragraph 142 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 142 of the Complaint.

143. The allegations of Paragraph 143 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 143 of the Complaint.

144. The allegations of Paragraph 144 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 144 of the Complaint.

**Count IV**
**Unfair Competition**
**Rhode Island law**

145. Defendants restate their responses to Paragraphs 1 through 144 of the Complaint as if fully set forth herein.

146. Defendants deny the allegations of Paragraph 146 of the Complaint.

147. Defendants deny the allegations of Paragraph 147 of the Complaint.

148. Defendants deny the allegations of Paragraph 148 of the Complaint.

149. Defendants deny the allegations of Paragraph 149 of the Complaint.

150. Defendants deny the allegations of Paragraph 150 of the Complaint.

151. Defendants deny the allegations of Paragraph 151 of the Complaint.

152. Defendants deny the allegations of Paragraph 152 of the Complaint.

153. Defendants deny the allegations of Paragraph 153 of the Complaint.

154. The allegations of Paragraph 154 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 154 of the Complaint.

155. The allegations of Paragraph 155 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 155 of the Complaint.

156. The allegations of Paragraph 156 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 156 of the Complaint.

157. The allegations of Paragraph 157 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 157 of the Complaint.

158. The allegations of Paragraph 158 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 158 of the Complaint.

159. The allegations of Paragraph 159 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 159 of the Complaint.

160. The allegations of Paragraph 160 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 160 of the Complaint.

161. The allegations of Paragraph 161 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph

161 of the Complaint.

162. The allegations of Paragraph 162 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 162 of the Complaint.

163. The allegations of Paragraph 163 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 163 of the Complaint.

164. The allegations of Paragraph 164 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 164 of the Complaint.

165. The allegations of Paragraph 165 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 165 of the Complaint.

166. The allegations of Paragraph 166 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 166 of the Complaint.

167. The allegations of Paragraph 167 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 167 of the Complaint.

168. The allegations of Paragraph 168 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 168 of the Complaint.

**Count V**
**False Advertising**
**Lanham Trademark Act § 43, 15 U.S.C. § 1125(a)**

169. Defendants restate their responses to Paragraphs 1 through 168 of the Complaint as if fully set forth herein.

170. Defendants deny the allegations of Paragraph 170 of the Complaint.

171. Defendants deny the allegations of Paragraph 171 of the Complaint.

172. Defendants deny the allegations of Paragraph 172 of the Complaint.

173. Defendants deny the allegations of Paragraph 173 of the Complaint.

174. Defendants deny the allegations of Paragraph 174 of the Complaint.

175. Defendants deny the allegations of Paragraph 175 of the Complaint.

176. Defendants deny the allegations of Paragraph 176 of the Complaint.

177. Defendants deny the allegations of Paragraph 177 of the Complaint.

178. The allegations of Paragraph 178 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 178 of the Complaint.

179. The allegations of Paragraph 179 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 179 of the Complaint.

180. The allegations of Paragraph 180 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 180 of the Complaint.

181. The allegations of Paragraph 181 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph

181 of the Complaint.

182. The allegations of Paragraph 182 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 182 of the Complaint.

183. The allegations of Paragraph 183 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 183 of the Complaint.

184. The allegations of Paragraph 184 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 184 of the Complaint.

185. The allegations of Paragraph 185 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 185 of the Complaint.

186. The allegations of Paragraph 186 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 186 of the Complaint.

187. The allegations of Paragraph 187 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 187 of the Complaint.

188. The allegations of Paragraph 188 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 188 of the Complaint.

189. The allegations of Paragraph 189 are legal conclusions to which no response is

required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 189 of the Complaint.

190. The allegations of Paragraph 190 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 190 of the Complaint.

191. The allegations of Paragraph 191 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 191 of the Complaint.

**Count VI**
**Unauthorized Use of Trade Name**
**Lanham Trademark Act § 32, 15 U.S.C. § 1114**

192. Defendants restate their responses to Paragraphs 1 through 191 of the Complaint as if fully set forth herein.

193. Defendants deny the allegations of Paragraph 193 of the Complaint.

194. Defendants deny the allegations of Paragraph 194 of the Complaint.

195. Defendants deny the allegations of Paragraph 195 of the Complaint.

196. Defendants deny the allegations of Paragraph 196 of the Complaint.

197. Defendants deny the allegations of Paragraph 197 of the Complaint.

198. Defendants deny the allegations of Paragraph 198 of the Complaint.

199. Defendants deny the allegations of Paragraph 199 of the Complaint.

200. The allegations of Paragraph 200 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 200 of the Complaint.

201. The allegations of Paragraph 201 are legal conclusions to which no response is

required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 201 of the Complaint.

202. The allegations of Paragraph 202 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 202 of the Complaint.

203. The allegations of Paragraph 203 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 203 of the Complaint.

204. The allegations of Paragraph 204 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 204 of the Complaint.

205. The allegations of Paragraph 205 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 205 of the Complaint.

206. The allegations of Paragraph 206 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 206 of the Complaint.

207. The allegations of Paragraph 207 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 207 of the Complaint.

208. The allegations of Paragraph 208 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 208 of the Complaint.

209. The allegations of Paragraph 209 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 209 of the Complaint.

210. The allegations of Paragraph 210 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 210 of the Complaint.

211. The allegations of Paragraph 211 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 211 of the Complaint.

212. The allegations of Paragraph 212 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 212 of the Complaint.

**Count VII**
**Declaratory Judgment**

213. Defendants restate their responses to Paragraphs 1 through 212 of the Complaint as if fully set forth herein.

214. Defendants deny the allegations of Paragraph 214 of the Complaint.

215. Defendants deny the allegations of Paragraph 215 of the Complaint.

216. Defendants deny the allegations of Paragraph 216 of the Complaint.

217. Defendants deny the allegations of Paragraph 217 of the Complaint.

218. The allegations of Paragraph 218 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 218 of the Complaint.

219. The allegations of Paragraph 219 are legal conclusions to which no response is

required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 219 of the Complaint.

220. The allegations of Paragraph 220 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 220 of the Complaint.

221. The allegations of Paragraph 221 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 221 of the Complaint.

222. The allegations of Paragraph 222 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 222 of the Complaint.

223. The allegations of Paragraph 223 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 223 of the Complaint.

224. The allegations of Paragraph 224 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 224 of the Complaint.

225. The allegations of Paragraph 225 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 225 of the Complaint.

226. The allegations of Paragraph 226 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 226 of the Complaint.

227. The allegations of Paragraph 227 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 227 of the Complaint.

228. The allegations of Paragraph 228 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 228 of the Complaint.

**Count VIII**
**Cyberpiracy**
**Lanham Trademark Act § 43, 15 U.S.C. 1125(d)**

229. Defendants restate their responses to Paragraphs 1 through 228 of the Complaint as if fully set forth herein.

230. Defendants deny the allegations of Paragraph 230 of the Complaint.

231. Defendants deny the allegations of Paragraph 231 of the Complaint.

232. Defendants deny the allegations of Paragraph 232 of the Complaint.

233. Defendants deny the allegations of Paragraph 233 of the Complaint.

234. Defendants deny the allegations of Paragraph 234 of the Complaint.

235. The allegations of Paragraph 235 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 235 of the Complaint.

236. The allegations of Paragraph 236 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 236 of the Complaint.

237. The allegations of Paragraph 237 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph

237 of the Complaint.

238. The allegations of Paragraph 238 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 238 of the Complaint.

239. The allegations of Paragraph 239 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 239 of the Complaint.

240. The allegations of Paragraph 240 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 240 of the Complaint.

241. The allegations of Paragraph 241 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 241 of the Complaint.

242. The allegations of Paragraph 242 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 242 of the Complaint.

243. The allegations of Paragraph 243 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 243 of the Complaint.

244. The allegations of Paragraph 244 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 244 of the Complaint.

**Count IX**
**Injunctive Relief**
**15 U.S.C. § 1116**

245. Defendants restate their responses to Paragraphs 1 through 244 of the Complaint as if fully set forth herein.

246. Defendants deny the allegations of Paragraph 246 of the Complaint.

247. Defendants deny the allegations of Paragraph 247 of the Complaint.

248. Defendants deny the allegations of Paragraph 248 of the Complaint.

249. Defendants deny the allegations of Paragraph 249 of the Complaint.

250. The allegations of Paragraph 250 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 250 of the Complaint.

251. The allegations of Paragraph 251 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 251 of the Complaint.

252. The allegations of Paragraph 252 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 252 of the Complaint.

253. The allegations of Paragraph 253 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 253 of the Complaint.

254. The allegations of Paragraph 254 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 254 of the Complaint.

255. The allegations of Paragraph 255 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 255 of the Complaint.

256. The allegations of Paragraph 256 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 256 of the Complaint.

257. The allegations of Paragraph 257 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 257 of the Complaint.

258. Defendants deny the allegations of Paragraph 258 of the Complaint.

259. Defendants deny the allegations of Paragraph 259 of the Complaint.

260. The allegations of Paragraph 260 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 260 of the Complaint.

261. The allegations of Paragraph 261 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 261 of the Complaint.

262. The allegations of Paragraph 262 are legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 262 of the Complaint.

**First Affirmative Defense**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

**Third Affirmative Defense**

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

**Fourth Affirmative Defense**

Plaintiff's claims are barred by the equitable doctrine of laches.

**Fifth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of acquiescence.

WHEREFORE, Defendants David Sussmann, Great Northern International SAS, and Seafood Export Bait Division, Inc. seek an Order of this Court denying and dismissing all claims and prayers for relief contained in the Complaint of Plaintiff Great Northern Products, Ltd., and seek Judgment in their favor, and against Plaintiff Great Northern Products, Ltd., in the amount of Defendants' reasonable attorneys' fees and costs of suit.

DAVID SUSSMANN, GREAT NORTHERN INTERNATIONAL SAS, and SEAFOOD EXPORT BAIT DIVISION, INC.

By Their Attorneys,

/s/ Raymond M. Ripple
Mark W. Freel (#4003)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
mfreel@eapdlaw.com
rripple@eapdlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 15, 2008.

/s/ Raymond M. Ripple
Raymond M. Ripple